1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   MALEN J. MARULLI,              )  Civil No. 09-0903-MMA(WVG)
                                    )
12                  Plaintiff,      )  REPORT AND RECOMMENDATION
                                    )  GRANTING DEFENDANT'S MOTION
13   v.                             )  TO DISMISS AND DENYING
                                    )  PLAINTIFF'S MOTION TO DISMISS
14   MICHAEL J. ASTRUE, Commissioner )
     of Social Security,            )
15                                  )  (Doc. Nos. 18, 20)
                    Defendant.      )
16                                  )
                                    )
17   _____ )

18        On April 29, 2009, Plaintiff Malen J. Marulli (hereafter

19   "Plaintiff"), filed a Complaint For Judicial Review And Remedy On

20   Administrative Decision Under The Social Security Act [42 U.S.C.

21   §405(g)].  On August 3, 2009, Defendant Michael J. Astrue (hereafter

22   "Defendant"), filed an Answer to the Complaint and the administra-

23   tive record (hereafter "Record" or "Tr."), pertaining to this case.

24   Plaintiff has filed a Motion for Summary Judgment. Defendant has

25   filed an Opposition to Plaintiff's Motion for Summary Judgment and

26   a Cross-Motion for Summary Judgment.

27        The Court, having reviewed Plaintiff's Motion for Summary

28   Judgment, Defendant's Opposition to Plaintiff's Motion for Summary

09cv0903

Judgment, Defendant's Cross-Motion for Summary Judgment and the Record filed by Defendant, hereby finds that Plaintiff is not entitled to the relief requested and therefore RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED and Plaintiff's Motion for Summary Judgment be DENIED.

I

STATEMENT OF FACTS

Plaintiff was born on October 3, 1941. (Tr. 17, 22, 593, 701). She has had past relevant work experience as a customer service representative, answering service operator and retail clerk/cashier. (Tr. 17, 594, 701). Plaintiff alleges that she suffers from a disability as of January 3, 2003 due to chronic obstructive pulmonary disease, diabetes mellitus, non-alcohol related cirrhosis, status post carpal tunnel surgery, hypothyroid, urinary incontinence, umbilical hernia, and history of early Alzheimer's Disease, inability to sit or stand for significant periods of time, and limited use of her right arm.

II

PROCEDURAL HISTORY

On February 11, 2005, Plaintiff filed applications for disability insurance benefits and supplemental Social Security income. (Tr. 271-273, 695-697). The Commissioner of Social Security denied her applications. (Tr. 241-242). Thereafter, Plaintiff requested a hearing. On February 9, 2006, Plaintiff appeared and testified before Administrative Law Judge (hereafter "ALJ") Larry Parker. (Tr. 589-614). On June 30, 2006, ALJ Parker found that Plaintiff was disabled as of February 2, 2005. (Tr. 12-21).

09cv0903

The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 7-8).

On April 13, 2007, Plaintiff filed an action in this Court. On April 22, 2008, the Court remanded the case to the ALJ for further proceedings. [07-0670-JLS(NLS), Docket Nos. 1, 22, Tr. 645-653].

On December 1, 2008, ALJ Parker held another hearing pursuant to the Court's remand. The purpose of the hearing was for the ALJ to determine whether Plaintiff was disabled from her alleged onset date of January 3, 2003 to February 1, 2005. Plaintiff testified at the hearing. (Tr. 698-715). On January 5, 2009, the ALJ found that Plaintiff was not disabled during the time period noted above. (Tr. 615-628). The ALJ's decision became the Commissioner's final decision.

On April 29, 2009, Plaintiff filed this action. On August 3, 2009, Defendant filed an Answer and the administrative record pertaining to this case. On January 5, 2010, Plaintiff filed a Motion for Summary Judgment. On February 5, 2010, Defendant filed an Opposition to Plaintiff's Motion for Summary Judgment and a Cross-Motion for Summary Judgment.

III

SUMMARY OF APPLICABLE LAW

Title II of the Social Security Act (hereinafter "Act"), as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423 (a)(1)(D). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. § 1382

09cv0903

1   (a).  Both titles of the Act define "disability as the "inability to

2   engage in any substantial gainful activity by reason of any

3   medically determinable physical or mental impairment which can be

4   expected to last for a continuous period of not less than 12

5   months..." Id.  The Act further provides that an individual:

> shall be determined to be under a disability only if
> his physical or mental impairment or impairments are
> of such severity that he is not only unable to do his
> previous work but cannot, considering his age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied for work. Id.

The Secretary of the Social Security Administration has
established a five-step sequential evaluation process for determin-
ing whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.
Step one determines whether the claimant is engaged in "substantial
gainful activity."  If he is, disability benefits are denied. 20
C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the decision
maker proceeds to step two, which determines whether the claimant
has a medically severe impairment or combination of impairments.
That determination is governed by the "severity regulation" at issue
in this case.  The severity regulation provides in relevant part:

> If you do not have any impairment or combination of
> impairments which significantly limits your physical
> or mental ability to do basic work activities, we will
> find that you do not have a severe impairment and are,
> therefore, not disabled.  We will not consider your
> age, education, and work experience. §§ 404.1520(c),
> 416.920(c).

The ability to do basic work activities is defined as "the
abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§
404.1521(b), 416.921(b).  Such abilities and aptitudes include

09cv0903

1    "[p]hysical functions such as walking, standing, sitting, lifting,

2    pushing, pulling, reaching, carrying, or handling"; "[c]apacities

3    for seeing, hearing, and speaking"; "[u]nderstanding, carrying out,

4    and remembering simple instructions"; [u]se of judgment";

5    "[r]esponding appropriately to supervision, co-workers, and usual

6    work situations"; and "[d]ealing with changes in a routine work

7    setting." Id.

8         If the claimant does not have a severe impairment or

9    combination of impairments, the disability claim is denied.

10        If the impairment is severe, the evaluation proceeds to the

11   third step, which determines whether the impairment is equivalent to

12   one of a number of listed impairments that the Secretary acknowl-

13   edges are so severe as to preclude substantial gainful activity. 20

14   C.F.R. §§ 404.1520(d), 416.920(d).  If the impairment meets or

15   equals one of the listed impairments, the claimant is conclusively

16   presumed to be disabled.  If the impairment is not one that is

17   conclusively presumed to be disabling, the evaluation proceeds to

18   the fourth step, which determines whether the impairment prevents

19   the claimant from performing work he has performed in the past.  If

20   the claimant is able to perform his previous work, he is not

21   disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant

22   cannot perform his previous work, the fifth and final step of the

23   process determines whether he is able to perform other work in the

24   national economy in view of his age, education, and work experience.

25   The claimant is entitled to disability benefits only if he is not

26   able to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f).

27

28

09cv0903

IV

ALJ'S FINDINGS

The ALJ made the following pertinent findings:

1. (Plaintiff) met the insured status require-
ments of the Social Security Act through December 31,
2005.

2. (Plaintiff) has not engaged in substantial
gainful activity from January 3, 2003 through February
1, 2005, the relevant time period.

3. During the relevant period, (Plaintiff) had
the following severe impairments: chronic obstructive
pulmonary disease, diabetes mellitus, non-alcohol
related cirrhosis, status post carpal surgery,
hypothyroid, urinary incontinence, umbilical hernia
and history of early Alzheimer's disease.

4. (Plaintiff) does not have an impairment or
combination of impairments that meets or medically
equals one of the listed impairments in ... 20 C.F.R.
404.1525, 404.1526, 416.925 and 416.926.
    ... In activities of daily living, (Plaintiff)
has mild restriction.
    ... In social functioning, (Plaintiff) has mild
difficulties.
    ... With regard to concentration, persistence or
pace, (Plaintiff) has mild difficulties.

5. After careful consideration of the entire
record, the undersigned finds that the (Plaintiff)
has the residual functional capacity to perform light work
as defined by 20 C.F.R. 404.1567(b) and 416.967(b).
Additionally, she may use a cane but it is not
required.  She can only occasionally bend, stoop,
crouch, crawl, kneel and climb.  She can only perform
frequent reaching, handling, feeling, grasping, and
fingering.

In making this finding, the undersigned has
considered all symptoms and the extent to which these
symptoms can reasonably be accepted as consistent with
the objective medical evidence and other evidence...
The undersigned has also considered opinion evi-
dence...

After careful consideration of the evidence, the
undersigned finds that the (Plaintiff's) medically
determinable impairments could reasonably be expected
to cause the alleged symptoms; however, the (Plain-
tiff's) statements concerning the intensity, persis-
tence and limiting effects of these symptoms are not

09cv0903

credible to the extent they are inconsistent with the
above residual functional capacity assessment.

For the relevant period set out by the Appeals Council
ending on February 1, 2005, I find that the (Plain-
tiff) failed to demonstrate a severe disabling
impairment or combination of impairments...

   6. (Plaintiff) was capable of performing past
relevant work as an answering service operator,
customer service representative and cashier/retail.
This work does not require the performance of work-
related activities precluded by the (Plaintiff's)
residual functional capacity...

   7. (Plaintiff) was not been (sic) under a
disability, as defined in the Social Security Act, at
any time prior to February 1, 2005...
(Tr. 623-628)

V

<u>THE ALJ PROPERLY EVALUATED PLAINTIFF'S MENTAL IMPAIRMENT</u>

Plaintiff argues that the ALJ should have found Plaintiff's
mental impairment to be severe. Plaintiff supports her argument by
pointing to evidence of her early Alzheimer's Disease. Defendant
argues that Plaintiff's argument is erroneous in that the ALJ found
Plaintiff's early Alzheimer's Disease to be a severe impairment.

The Court finds that Plaintiff's argument with regard to the
ALJ's assessment of her mental impairment is erroneous. While
Plaintiff's initially argues that the ALJ did not find her early
Alzheimer's Disease to be a severe impairment, she later argues that
the ALJ did find her early Alzheimer's Disease to be a severe
impairment. (Plaintiff's Memorandum of Points & Authorities in
Support of Motion for Summary Judgment at 4, 6, 7). In fact, the
ALJ found Plaintiff's early Alzheimer's Disease to be a severe
impairment. (Tr. 624).

Plaintiff also argues that the ALJ's finding that her severe
mental impairment caused only mild mental limitations should have

09cv0903

been included in his findings regarding her residual functioning capacity (hereafter "RFC").   Defendant argues that Plaintiff's contention lacks merit.

In Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007), the Ninth Circuit Court of Appeals held that while an ALJ found the claimant's mental and physical impairments to be severe, the ALJ was not obligated to include the claimant's mental impairment in determining the claimant's RFC.   In Hoopai, the court specifically noted that an ALJ's finding of a severe impairment is merely a threshold determination of whether a claimant is able to perform his past work.   Therefore, a finding of a severe impairment simply raises a prima facie case of disability.   Further, the court explained that a finding of a severe mental impairment does not lead to a conclusion of a claimant's RFC, or what jobs a claimant with that severe mental impairment can perform.

Here, Plaintiff's argument lacks merit.   Hoopai demonstrates that if a claimant has a mental impairment, the ALJ is not obligated to include that impairment in his findings regarding the claimant's RFC.   Therefore, the ALJ's non-inclusion of Plaintiff's severe mental impairment in his determination of Plaintiff's RFC was proper.

As a result, the Court concludes that the ALJ did not err as Plaintiff contends.   Therefore, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment in this regard be DENIED and Defendant's Motion for Summary Judgment in this regard be GRANTED.

09cv0903

VI

<u>THE ALJ'S EVALUATION OF PLAINTIFF'S ABILITY TO PERFORM HER PAST WORK</u>

<u>WAS PROPER</u>

Plaintiff argues that the ALJ failed to provide a sufficient legal basis to determine that she could return to her past work. Specifically, Plaintiff argues that her past jobs of answering service operator, customer service representative and retail cashier require constant or frequent reaching, handling, feeling, grasping and fingering, which do not comport with the ALJ's findings regarding her RFC. Defendant argues that the ALJ did not err in his evaluation that Plaintiff could perform her past work.

The ALJ specifically found:

> (Plaintiff) has the (RFC) to perform light work... She can only perform frequent reaching, handling, feeling, grasping and fingering. (Tr. 625).
> ...(Plaintiff) was capable of performing past relevant work as an answering service operator, customer service representative, and cashier/retail. This work does not require performance of work-related activities precluded by (Plaintiff's) (RFC). (Tr. 627).

The ALJ based his conclusions on the March 21, 2006 report of Dr. Frederick W. Close (hereafter "Dr. Close"), the May 23, 2005 report of Dr. Albert Lizarraras (hereafter "Dr. Lizarraras"), and the June 17, 2002 report of Dr. Leonard Markman (herafter "Dr. Markman"). The ALJ also based his conclusion on the Plaintiff's own reported work history and the descriptions of Plaintiff's past work as defined by the Dictionary of Occupational Titles (hereafter "DOT").

Dr. Close, an orthopedist, examined Plaintiff, reviewed Plaintiff's medical records, and opined that Plaintiff should be able to sit and stand for six hours out of an eight hour day, that

9

09cv0903

1   she can lift twenty pounds occasionally and ten pounds frequently,

2   and that she should be limited to no more than frequent reaching,

3   handling, feeling, grasping and fingering. (Tr. 584-588).

4        Dr. Lizarraras, a consultive physician, examined Plaintiff

5   and opined that Plaintiff should be able to sit and stand for six

6   hours out of an eight hour day, that she can lift twenty pounds

7   occasionally and ten pounds frequently, that she has no limitations

8   as to climbing, crouching, but limitations as to climbing ladders,

9   rope and scaffolds, and that she has no limitations as to reaching

10  in all directions including overhead, feeling, fingering, but is

11  limited to frequent handling. (Tr. 496-497).

12       Dr. Markman, a treating physician, examined Plaintiff,

13  reviewed her medical records, and opined that Plaintiff was to be

14  released to temporary light duty from June 17, 2002 through July 31,

15  2002 with the limitations of no repetitive hand motions with either

16  hand and no reaching above her shoulder with her right arm. (Tr.

17  119).

18       Plaintiff's Work History Report details her own descriptions

19  of her past work activities. As an answering service operator,

20  Plaintiff reported that she answered the telephone, took hand

21  written messages, used the computer, periodically typed orders and

22  filed.  She reported that in this job, she wrote, typed and handled

23  small objects for the entire eight hours per day that she worked.

24  As a customer service representative, she reported that she made and

25  received telephone calls and used the computer.  She noted that the

26  heaviest weight she lifted was less than ten pounds.  As a retail

27  sales cashier, she reported that she stocked items, cleaned her work

28  area, assisted customers, operated a cash register and made popcorn.

09cv0903

1    This work entailed lifting clothes, putting the clothes on racks and
2    pricing items.   Plaintiff noted that in this job, she frequently
3    lifted less than ten pounds. (Tr. 89-92).

4         Plaintiff must show that she is precluded from engaging in
5    her past relevant work. <u>Matthews v. Shalala</u>, 10 F.3d 678, 680 (9th
6    Cir. 1993).   Plaintiff must show that she was unable to return to
7    her past relevant work either as she actually performed that work or
8    as that work is customarily performed in the national economy. <u>Bowen</u>
9    <u>v. Yuckert</u>, 482 U.S. 137, 146, n. 5 (1987).   The ALJ may use the DOT
10   to determine a claimant's ability to perform past relevant work. 20
11   C.F.R. §404.1560(b)(2).

12                      1. <u>Answering Service Operator</u>

13        Plaintiff's past relevant work included performing the duties
14   of an answering service operator.   As noted above, Plaintiff
15   reported that in this job, she answered the telephone, took hand
16   written messages, used the computer, typed and filed.   None of these
17   duties appear to require more than frequent reaching, handling,
18   feeling, grasping and fingering.   Therefore, the ALJ's finding that
19   she could perform the work of an answering service operator as she
20   actually had performed that job in the past, was proper.[1/]

21        Further, the ALJ's decision comports with the opinions of Dr.
22   Close, Dr. Lizarraras and Dr. Markman.   Dr. Close limited Plain-
23   tiff's activity to no more than frequent reaching, handling,
24   grasping and fingering.   Dr. Lizarraras did not limit Plaintiff's

25

26   _____

27   [1/]    The Court notes that the DOT describes an answering service operator
         in the national economy as being able to reach, handle and finger
         constantly. DOT 235.662-026. While the ALJ may have relied on the
         DOT description, the record reflects that Plaintiff's own
28       description of her past relevant work as an answering service
         operator does not suggest that she had to reach, handle and finger
         constantly, as the DOT describes.

11

1   reaching in all directions, feeling and fingering, but limited
2   Plaintiff to frequent handling.  Dr. Markman limited, for approxi-
3   mately six weeks in 2002, Plaintiff's repetitive hand movements with
4   either hand and reaching overhead with her right arm.

5       As a result, the ALJ's determination that Plaintiff could
6   perform her past relevant work as an answering service operator as
7   she actually performed that work, was proper.

8                   2. <u>Customer Service Representative</u>

9       Plaintiff's past relevant work included performing the duties
10  of a customer service representative. As noted above, Plaintiff
11  reported that in this job, she made and received telephone calls and
12  used the computer.  None of the activities entailed in this job
13  appear to require more than frequent reaching, handling, feeling,
14  grasping and fingering.

15      Further, the DOT describes a customer service representative
16  as being able to reach, handle, feel and finger frequently. DOT
17  299.367-010. These limitations comport with the opinions of Drs.
18  Close, Lizarraras, and Markman.

19      As a result, the ALJ's determination that Plaintiff could
20  perform her past relevant work as a customer service representative
21  was proper.

22                      3. <u>Retail Sales Cashier</u>

23      Plaintiff's past relevant work included performing the duties
24  of a retail sales cashier.  As noted above, Plaintiff reported that
25  in this job, she stocked items, cleaned her work area, assisted
26  customers, operated a cash register and made popcorn.  None of these
27  activities appear to require more than frequent reaching, handling,
28  feeling, grasping and fingering.

09cv0903

1    Further, the DOT describes a retail sales cashier as being
2    able to reach, handle, feel and finger frequently. DOT 211.462-010.
3    These limitations comport with the opinions of Drs. Close,
4    Lizarraras, and Markman.

5    As a result, the ALJ's determination that Plaintiff could
6    perform her past relevant work as a retail sales cashier was proper.

7    Therefore, the Court finds that Plaintiff has failed to show
8    that she was precluded from engaging in her past relevant work
9    either as she actually performed that work or as that work is
10   customarily performed in the national economy.  Consequently, the
11   Court RECOMMENDS that Plaintiff's Motion for Summary Judgment in
12   this regard be DENIED and Defendant's Motion for Summary Judgment in
13   this regard be GRANTED.

14                                  VII

15              THE ALJ PROPERLY EVALUATED THE OPINIONS OF

16                 PLAINTIFF'S TREATING PHYSICIANS

17   Plaintiff appears to argue[2] that the ALJ erred by failing to
18   properly reject the opinions of Plaintiff's treating physicians.
19   Specifically, Plaintiff appears to contend that the ALJ failed to
20   state clear and convincing reasons for rejecting the opinions of Dr.
21   Markman, Dr. Rakesh Patel, a public health physician, (hereafter
22   "Dr. Patel"), and Dr. Seenu Reddy, a cardiologist, (hereafter "Dr.
23   Reddy").  Defendant argues that the ALJ properly evaluated the
24   opinions of these doctors.

25   An ALJ is not required to give controlling weight to the
26   opinion of a treating physician. Batson v. Comm. of Social Security,
27   359 F.3d 1190, 1194-1195 (9th Cir. 2004).  "Although a treating

28
     _____
     [2] Plaintiff's arguments in this regard are unclear.

                              13

1   physician's opinion is generally afforded the greatest weight in

2   disability cases, it is not binding on the ALJ with respect to the

3   existence of an impairment or the ultimate determination of

4   disability." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.

5   2001).  "The ALJ may disregard the treating physician's opinion

6   whether or not that opinion is contradicted." Magallanes v. Bowen,

7   881 F.2d 747, 751 (9th Cir. 1989).

8       When an ALJ is presented with conflicting medical opinions of

9   Plaintiff's treating physicians and the opinions of consultive

10  physicians, greater weight must be given to the opinion of the

11  treating physicians, unless the ALJ gives specific, legitimate

12  reasons for disregarding the opinion of the treating physician.

13  Batson, 359 F.3d at 1195.

14      An ALJ may discount a treating physician's opinion if it is

15  presented in the form of a check list and does not have supportive

16  objective evidence and is contradicted by other statements and

17  assessments of a claimant's medical condition. Id. at 1195, Crane v.

18  Shalala, 76 F.3d 251, 253 (9th Cir. 1996)

19      1. Dr. Markman

20      Plaintiff appears to argue that the ALJ did not offer any

21  reason for rejecting Dr. Markman's opinion that Plaintiff be

22  prohibited from bilateral repetitive hand motions and over shoulder

23  reaching with the right arm.

24      As noted in Section VI of this Report and Recommendation, Dr.

25  Markman examined Plaintiff, reviewed her medical records, and opined

26  that Plaintiff was to be released to temporary light duty from June

27  17, 2002 through July 31, 2002, with the limitations of no repeti-

28

1  tive hand motions with either hand and no reaching above the

2  shoulder with her right arm. (Tr. 119).

3       Here, Plaintiff misinterprets the ALJ's opinion and the

4  evidence in the record.   The ALJ specifically stated that Dr.

5  Close's and Dr. Lizarraras' opinions, (Tr. 584-588, 496-497),

6  comported with Dr. Markman's opinion. Therefore, he accorded

7  significant weight to Dr. Markman's opinion. (Tr. 626).   Conse-

8  quently, the ALJ did not reject Dr. Markman's opinion.   Further,

9  Plaintiff fails to mention that Dr. Markman specifically limited

10 Plaintiff's repetitive hand motions and right arm over shoulder

11 reaching from June 17, 2002 to July 31, 2002, a period of approxi-

12 mately six weeks. A six week limitation period does not signify that

13 Plaintiff was permanently limited from repetitive hand motions and

14 right arm over shoulder reaching.

15      Therefore, the Court concludes that the ALJ did not reject

16 Dr. Markman's opinion.   Instead, the ALJ properly evaluated Dr.

17 Markman's opinion.

18           2. <u>Dr. Patel</u>

19      On April 22, 2004, Dr. Patel opined that Plaintiff could sit,

20 stand and walk for one to two hours per day, lift and carry five

21 pounds, use both of her hands for simple grasping, pushing and

22 pulling of arm controls and fine manipulation, but that she could

23 not perform work at a consistent pace for eight hours, and could not

24 complete a normal work day or work week without interruptions from

25 her physical symptoms. (Tr. 555-557). Dr. Patel's opinions noted

26 above were presented in the form of a check list.

27      On January 19, 2005, Dr. Patel opined that Plaintiff could

28 only occasionally reach, handle, finger and feel, that she was not

09cv0903

1   capable of performing light work on a regular and continuing basis,

2   that she had a moderately severe limitation in the ability to

3   complete a normal work day and work week without interruptions from

4   medically based symptoms, and that Plaintiff's limitations and

5   symptoms began in January 2004. (Tr. 421-424). Dr. Patel's opinions

6   noted above were presented in the form of a check list.

7       The Court notes that the ALJ's opinion does not mention Dr.

8   Patel's opinions even though the record contains Dr. Patel's

9   treatment records. (Tr. 442-492, 503-515, 558-570). However, the

10  Court's review of Dr. Patel's treatment records shows that those

11  records do not provide objective medical evidence of Plaintiff's

12  limitations that he asserted in his opinions. Therefore, any

13  failure of the ALJ to address Dr. Patel's treatment records could

14  not have affected his conclusions.

15      Moreover, Dr. Patel's opinions were presented in the form of

16  check lists that were not supported by any objective evidence and

17  were contradicted by other treating and consultive physicians'

18  statements and assessments of Plaintiff's medical condition. As a

19  result, any failure of the ALJ to address Dr. Patel's opinions could

20  not have affected his conclusions because any such unsupported check

21  list opinions may be discounted by the ALJ. Batson, 359 F.3d at

22  1195, Crane, 76 F.3d at 253.

23      Therefore, the Court can not conclude that the ALJ gave

24  specific legitimate reasons for disregarding Dr. Patel's opinions.

25  However, the Court concludes that Dr. Patel's opinions are properly

26  discounted because they are in the form of check lists and are

27  unsupported by objective medical evidence.

28

09cv0903

### 3. Dr. Reddy

On April 19, 2004, Dr. Reddy opined that Plaintiff was severely limited in her ability to complete a normal work day and work week with interruptions from medically based symptoms, she could not sit, stand or walk for one hour per work day, she could lift five pounds, she could use both of her hands for simple grasping, pushing and pulling of arm controls and for fine manipulation, and she could reach and finger occasionally.[3/] (Tr. 230-234). Dr. Reddy's opinions noted above were presented in the form of check lists.

The ALJ specifically addressed Dr. Reddy's opinions and discounted them because there was no objective medical evidence in Dr. Reddy's records to support his opinions, nor any cross-references or explanations as to how he arrived at his conclusions. Consequently, the ALJ determined that Dr. Reddy's opinions were not entitled to controlling weight and were internally inconsistent with other evidence in the record.  The ALJ also rejected Dr. Reddy's opinions regarding Plaintiff's most severe limitations, as not supported by the record. (Tr. 627).

The ALJ specifically and legitimately discounted Dr. Reddy's opinions because Dr. Reddy's records do not provide objective medical evidence of Plaintiff's limitations as asserted in his opinions.  Further, Dr. Reddy's opinions were properly discounted because they were presented in the form of check lists that were unsupported by objective evidence and were contradicted by other treating and consultive physicians' statements and assessments of

---

[3/] Dr. Reddy's opinions are inconsistent in that he also opined that Plaintiff had the unlimited ability to reach in all directions, and unlimited ability to handle and feel. He also opined that Plaintiff had limited ability for fine manipulation. (Tr. 233).

09cv0903

1   Plaintiff's limitations. <u>Batson</u>, 359 F.3d at 1195, <u>Crane</u>, 76 F. 3d

2   at 253.

3       As a result of the foregoing, the Court concludes that the

4   opinions of Plaintiff's treating physicians were properly evaluated.

5   Therefore, the Court RECOMMENDS that Plaintiff's Motion for Summary

6   Judgment in this regard be DENIED and Defendant's Motion for Summary

7   Judgment in this regard be GRANTED.

8                            VIII

9   <u>THE ALJ PROPERLY DETERMINED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY</u>

10      Plaintiff appears to argue that the ALJ erred in determining

11  her RFC. Specifically, Plaintiff argues that the ALJ should have

12  determined her RFC not only in terms of light work, but by a

13  function-by-function assessment.  Defendant contends that the ALJ

14  did not err in determining Plaintiff's RFC.

15      It is the responsibility of the ALJ, not a claimant's

16  physician, to determine a claimant's RFC. <u>Vertigan v. Halter</u>, 260

17  F.3d 1044, 1049 (9th Cir. 2001). The ALJ's determination of a

18  Plaintiff's RFC must be supported by substantial evidence. <u>Morgan v.</u>

19  <u>Comm. of Social Security</u>, 169 F.3d 595, 599 (9th Cir. 1999).  When

20  the ALJ determines a claimant's RFC, he must take into account those

21  limitations for which there is support in the record that do not

22  depend on the claimant's subjective complaints. If the ALJ's

23  determination of a claimant's RFC takes into account a claimant's

24  limitations which have support in the record, a function-by-function

25  analysis for medical conditions and impairments is unnecessary.

26  <u>Bayliss v. Barnhart</u> 427 F.3d 1211, 1217 (9th Cir. 2005).

27

28      Here, Plaintiff appears to contend that the ALJ simply

described Plaintiff's RFC in terms of the exertional category of light work.  This contention lacks merit.  Plaintiff fails to acknowledge that the ALJ specifically found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work. *Additionally, she may use a cane, but it is not required. She can only occasionally bend, stoop, crouch, crawl, kneel and climb. She can only perform frequent reaching, handling, feeling, grasping and fingering.*

(Tr. 625)(emphasis added)(citations omitted).

Further, as noted in Section VI of this Report and Recommendation, the ALJ's determination of Plaintiff's RFC was based on Plaintiff's own reported work history and on the opinions of Dr. Close, Dr. Lizarraras, and Dr. Markman.   Therefore, the Court concludes that there was substantial evidence in the record upon which the ALJ determined Plaintiff's RFC.  As a result, a function-by-function analysis was unnecessary. Id. at 1217.

Consequently, the Court concludes that the ALJ properly determined Plaintiff's RFC. Therefore, the Court RECOMMENDS that Plaintiff's Motion for Summary Judgment in this regard be DENIED and Defendant's Motion for Summary Judgment in this regard be GRANTED.

IX

## PLAINTIFF'S DUE PROCESS RIGHTS WERE NOT VIOLATED

Plaintiff argues that her due process rights were violated when the ALJ refused to reopen her prior application for disability benefits. Plaintiff also argues that her due process rights were violated because the ALJ predetermined the outcome of the December 2008 hearing before the hearing was held.  Defendant contends that both of Plaintiff's contentions lack merit.

1. ALJ Decision To Not Reopen Plaintiff's
   Prior Application

09cv0903

On April 22, 2008, the District Court remanded this case to the ALJ because the ALJ failed to consider whether, between January 3, 2003 and March 9, 2003, Plaintiff was incapable of pursuing her administrative remedies to reopen her case, due to her memory problems.[4/] On December 1, 2008, the ALJ held a hearing in this case pursuant to the District Court's remand. On January 15, 2009, the ALJ issued a decision.  In the decision, the ALJ stated in pertinent part as follows:

> 1. He reviewed all of the evidence in the record related to Plaintiff's prior filings and the prior decisions through the date of the first hearing prior to his scheduling the second hearing. (Tr. 620).
>
> 2. At the first hearing, he asked Plaintiff's counsel about the 2003 Kaiser records that indicated white matter in Plaintiff's brain and an MRI. (Tr. 620).
>
> 3. Plaintiff had been referred for consultive examinations, but she did not attend them.  She did not provide a valid reason for not attending the consultive examinations, except for stating that her counsel advised her not to attend the consultive examinations. (Tr. 620).
>
> 4. Plaintiff's counsel admitted that Plaintiff had not begun to see a psychiatrist when a consultive examination was ordered, "so our case was not to be built or premised on her mental disorder... We don't have any documentation of it [extreme depression], although she has some symptoms of it, but no new documentations (sic), so we are not forwarding that as an impairment." (Tr. 620) (citations omitted).
>
> 5. He gave significant weight to the Commissioner's argument that Plaintiff failed to adduce any medical evidence that she had disabling dementia from January through March 2003 which prevented her from pursuing her administrative options. (Tr. 620).

---

[4/]   The District Court noted that on September 5, 2002, Defendant denied Plaintiff's initial application for disability benefits. On November 24, 2002, Plaintiff filed a "Request for Rehearing" form, which Defendant interpreted as a request for reconsideration of his initial denial.  On January 3, 2003, Defendant sent to Plaintiff a "Notice of Reconsideration," which stated that Plaintiff's reconsidered claim was denied and that Plaintiff had 60 days to request a rehearing before an ALJ.  On December 9, 2003, Plaintiff obtained counsel.  On January 6, 2004, Plaintiff filed a request for hearing before an ALJ.  On February 1, 2005, an ALJ dismissed Plaintiff's request for a hearing as untimely by 303 days.

09cv0903

6. He noted that pursuant to case law, Plaintiff must show that her allegation of mental impairment which precluded her from pursuing administrative or judicial remedies "must be substantiated, and courts have held that claimants succeed in vaulting the 'colorable claim' (of violation of due process rights) hurdle when they adduce evidence tending to show not only that they suffered at the relevant time from a mental impairment or condition, <u>but also that the impairment or condition affected their ability to understand and/or pursue appeal rights</u>." (Tr. 620)(emphasis in original)(citations omitted).

7. Plaintiff did not show that she suffered a mental impairment or condition (during) the relevant time and that any such impairment or condition affected her ability to understand and/or pursue her appeal rights. (Tr. 620).

8. His review of Plaintiff's medical records reveal that the brain MRIs of March 20, 2003 show only a minimal amount of deep white matter change. A follow-up brain MRI taken on August 12, 2003 demonstrated additional change "greater than expected for age with allegations of short term memory loss and worsening gait." The August 2003 MRI was not taken until almost six months after the deadline for Plaintiff to request a hearing. (Tr. 620-621).

9. He considered and gave significant weight to the January 27, 2003 neurological consultation evaluation of Dr. Mazaira, which concluded that Plaintiff's memory problems were subjective. (Tr. 621).

10. He found that there was not reasonable substantiated evidence to establish a colorable constitutional claim and that Plaintiff's first application should not be reopened as there is no good cause established for the late filing. (Tr. 621).

Here, it is clear that the ALJ reviewed all of the evidence in the record pertaining to Plaintiff's mental condition between January 3, 2003 and March 9, 2003. That evidence indicated that Plaintiff's mental condition during that time period did not show that Plaintiff suffered from a mental impairment or condition that affected her ability to pursue her administrative appeal rights. Therefore, the ALJ so concluded. His conclusion was supported by Dr. Mazaira's January 27, 2003 neurological consultation evaluation, which concluded that Plaintiff's memory problems were subjective. As a result, the ALJ concluded that the evidence in the record for

09cv0903

1    the relevant time period did not establish good cause to reopen

2    Plaintiff's first application for disability benefits.  Further, the

3    ALJ noted that at Plaintiff's first hearing, Plaintiff's counsel

4    explicitly stated that Plaintiff's claim was not based on a mental

5    impairment.  Therefore, it is reasonable to conclude that the ALJ

6    did not review evidence in the record that existed at the time of

7    the first hearing that pertained to Plaintiff's mental impairment.

8         The Court finds that the ALJ's decision finding no good cause

9    to reopen Plaintiff's first application for disability benefits was

10   proper.  The Court RECOMMENDS that Plaintiff's Motion for Summary

11   Judgment in this regard be DENIED and Defendant's Motion for Summary

12   Judgment in this regard be GRANTED.

13                    2. <u>December 2008 Hearing</u>

14        Plaintiff claims that at the December 2008 hearing, the ALJ

15   violated her due process rights because he made his decision before

16   conducting the hearing.  Plaintiff alleges that the ALJ's statements

17   at the hearing were argumentative and did not indicate an interest

18   in reviewing the record or the issues presented.

19        A claimant's allegation that the ALJ "prejudged his case in

20   some way," is insufficient to show a violation of due process.

21   <u>Valentine v. Comm. of Social Security</u>, 574 F.3d 685, 690 (9th Cir.

22   2009).  Instead, a claimant must show that the "ALJ's behavior, in

23   the context of the whole case, was 'so extreme as to display clear

24   inability to render fair judgment.'" <u>Rollins v. Massanari</u>, 261 F.3d

25   853, 858 (9th Cir. 2001)[quoting <u>Liteky v. USA</u>, 510 U.S. 540, 551

26   (1994)].

27

28        Review of the transcript of the December 2008 hearing

09cv0903

1   indicates that the ALJ may have been impatient, dissatisfied and

2   annoyed.[5/]  However, "expressions of impatience, dissatisfaction,

3   annoyance, and even anger, that are within the bounds of what

4   imperfect men and women... sometimes display," do not establish (an

5   ALJ's) bias or prejudice. Rollins, 261 F.3d at 858, citing Liteky,

6   510 U.S. 540, 555-556.  Nor does Plaintiff show that the ALJ's

7   behavior, in the context of the whole case, was so extreme as to

8   display clear inability to render fair judgment.  Plaintiff fails to

9   indicate what statements made by the ALJ were argumentative or that

10  show that the ALJ was disinterested in the reviewing the record or

11  the issues presented.  In fact, the contrary appears true.  In this

12  case, the ALJ reviewed all of the evidence in the record not only

13  once, but twice.  After reviewing the evidence, the ALJ issued two

---

15  [5/]     The following pertinent exchanges took place at the December 2008
         hearing:
16  Plaintiff's Attorney:  Okay, your honor, I direct the court's attention to
         B1F-18.
17  ALJ:     Let's try it again, Ms. Mitchell.  You invite my attention to what,
         B1F-18.
         ... (cont'd)
18  ALJ:     It's always a good thing to remember in courts to invite a court's
         attention not to direct them.
         (Tr. 705).
19       ...
20  ALJ:     ... (The evidence is) either here or it isn't here.  You're not
         going to manufacture new evidence to go back five, to five years ago
         because that just not, it's not applicable.  We're talking about
21       that period that they say for me to go there and that's why I said
         direction for me to do it.  I'm just affording you if you have
         anything or want to, to do so for that period January of 2003 to
22       February 2, 2005, and I'm not trying to put you on the spot or under
         the gun.  I'm just affording you that opportunity for the hearing
23       consistent with the language in the remand. (Tr. 712).
         ...

24  Plaintiff's Attorney: ... Well, your honor, if it would please the court
         if I could have some exhibits to invite your attention to as you
25       make your decision.  Because there's no point in holding you up.
26  ALJ:     Well, that's basically all I say I can do because the evidence is
         there or it isn't there- ... --and if it wasn't there (sic) you
         would have presented it to me which you haven't done because it is
27       there and the direction is for me to reassess it and rewrite it and
         apply whether or not, well, I've given the direction earlier, I
         won't repeat them within the remand here, and to do so and make the
28       subsequent and then write it... (Tr. 713).

09cv0903

1   decisions which were amply supported by evidence in the record.

2   Additionally, the ALJ applied the correct legal standards to the

3   issues presented, but may have become frustrated by Plaintiff's

4   counsel's statements and representations made at both hearings. As

5   a result, the Court can not conclude that the ALJ prejudged

6   Plaintiff's case or that his behavior was so extreme as to display

7   clear inability to render fair judgment.

8        Therefore, the Court RECOMMENDS that Plaintiff's Motion for

9   Summary Judgment in this regard be DENIED and Defendant's Motion for

10  Summary Judgment in this regard be GRANTED.

11                                    X

12                   <u>CONCLUSION AND RECOMMENDATION</u>

13        After a review of the record in this matter, the undersigned

14  Magistrate Judge recommends that Plaintiff's Motion for Summary

15  Judgment be DENIED and Defendant's Motion for Summary Judgment be

16  GRANTED.

17        This report and recommendation of the undersigned Magistrate

18  Judge is submitted to the United States District Judge assigned to

19  this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

20        **IT IS ORDERED** that no later than <u>July 15, 2010</u>, any party to

21  this action may file written objections with the Court and serve a

22  copy on all parties.  The document should be captioned "Objections

23  to Report and Recommendation."

24        **IT IS FURTHER ORDERED** that any reply to the objections shall

25  be filed with the Court and served on all parties no later than

26  <u>July 30, 2010</u>.  The parties are advised that failure to file

27  objections within the specified time may waive the right to raise

28  those objections on appeal of the Court's order.  <u>Martinez v. Ylst</u>,

09cv0903

951 F.2d 1153 (9th Cir. 1991).

DATED:   June 15, 2010

_____
Hon. William V. Gallo
U.S. Magistrate Judge

09cv0903