# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALEN J. MARULLI,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　　　　Defendant. | CASE NO. 09-CV-0903 MMA (WVG)<br><br>**ORDER:**<br><br>**ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 21]<br><br>**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>[Doc. No. 18]<br><br>**GRANTING DEFENDANT'S CROSS -MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 20] |

　　　　Pending before the Court is the Report and Recommendation of Magistrate Judge William V. Gallo, filed on June 15, 2010, recommending that the Court deny Plaintiff's motion for summary judgment and grant Defendant's cross-motion for summary judgment. [Doc. No. 21.] On July 15, 2010, Plaintiff Malen Marulli ("Plaintiff") filed an objection to the Magistrate Judge's Report and Recommendation and on July 16, 2010, Defendant filed its reply. [Doc. Nos. 22,23.]

　　　　Having considered the arguments of the parties and for the reasons noted herein, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation ("Report").

## BACKGROUND

On July 15, 2002, Plaintiff filed a Title II application ("initial application") for disability insurance benefits. On February 1, 2005, the initial application was dismissed due to an untimely filing of a request for a hearing before an Administrative Law Judge.

On February 11, 2005, Plaintiff filed a new Title II application and a Title XVI application for supplemental security income disability insurance benefits. Administrative Law Judge Larry B. Parker ("ALJ") determined that Plaintiff was disabled as of February 2, 2005. The ALJ declined to reopen Plaintiff's initial application for benefits. Plaintiff appealed the ALJ's decision not to reopen the initial application, and the appeals council denied the request for review.

On April 13, 2007, Plaintiff filed an action in this Court, requesting the initial application be reopened. The District Court remanded the case to the ALJ for proceedings to determine whether Plaintiff's initial application should be reopened for good cause. The District Court found Plaintiff had asserted a "colorable constitutional claim" that raised doubts as to whether she had a mental impairment that prevented her from filing a timely request for hearing. On January 5, 2009, the ALJ found that Plaintiff was not disabled prior to February 1, 2005. The ALJ's decision became the final decision of the Commissioner. (Administrative Record ("A.R.") at 618-628).

On April 29, 2009, Plaintiff filed the instant action for judicial review. [Doc.1.]

## LEGAL STANDARD

The duties of a district court in connection with a Magistrate Judge's Report are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1088 (S.D. Cal. 2006).

The Social Security Act provides for the payment of disability benefits if a claimant is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i), 423(d)(1)(A). To obtain benefits, the claimant's impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984). Furthermore, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

A claimant who is unsuccessful in obtaining benefits under the Social Security Act may seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). However, the scope of review is limited. A court may not overturn the Commissioner's final action unless (1) the ALJ's findings of fact are not supported by substantial evidence, or (2) the ALJ failed to apply the proper legal standards. *See Flaten v. Secretary of Health and Human Svcs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). "Substantial evidence" means evidence a reasonable person might accept as adequate to support the ALJ's conclusion, considering the record as a whole. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In other words, substantial evidence means "more than a scintilla but less than a preponderance" of the evidence. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997). The Court must consider both the evidence that supports and detracts from the Commissioner's conclusions. *See Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001); *Desrosiers v. Sec'y of Health and Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).

Even if substantial evidence supports the ALJ's findings, a court must set the decision aside if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978). But if the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1989).

/ / /

/ / /

# ANALYSIS

Plaintiff objects to the Report on multiple grounds.  First, Plaintiff contends that the Magistrate Judge improperly applied Ninth Circuit case law in reviewing the ALJ's assessment of Plaintiff's mental impairment.  (Pl.'s Objections at 1-2.)  Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly evaluated her ability to perform her past relevant work.  (Id. at 3.)  Finally, Plaintiff objects to the Magistrate Judge's finding that the ALJ properly evaluated the medical opinion evidence provided in the record.  (Id. at 4.)  The Court shall address each of these contentions in turn.

## I. The ALJ's Evaluation of Plaintiff's Mental Impairment

In her motion for summary judgment, Plaintiff contends that the ALJ's decision "failed to find Plaintiff suffered from a sever [sic] mental impairment."  (Pl.'s Mot. for Summ. J. at 5.)  Plaintiff also contends that the ALJ "[failed to] include these functional mental limitations into his findings for Plaintiff's residual functional capacity."  (Id.)  The ALJ found in his step-two determination that Plaintiff's early Alzheimer's Disease did constitute a severe mental impairment, and that the impairment caused mild mental limitations.  (A.R. at 624.)  The ALJ also stated in his findings that his step-four Residual Functional Capacity ("RFC") assessment reflected the degree of limitation found in his prior mental function analysis, which concluded that claimant's impairment did not meet or medically equal the criteria of any mental listing.  (A.R. at 624-25.)  The Magistrate Judge concluded that the ALJ found Plaintiff's early Alzheimer's disease constituted a severe mental impairment.  The Magistrate Judge, relying on Ninth Circuit precedent, concluded that the ALJ is not obligated to include the impairment in his findings for Plaintiff's RFC.  (Report at 8.)  In her objections, Plaintiff contends that the Magistrate Judge misinterpreted the relevant Ninth Circuit decision and argued that the decision was inapplicable because it involved a step-five determination.

The Magistrate Judge correctly found that Plaintiff's argument regarding the ALJ's assessment of the severity of her mental impairment is erroneous.  The record shows that the ALJ specifically concluded that Plaintiff's early Alzheimer's was a severe impairment.  (A.R. at 624.)  Also, the Magistrate Judge properly referenced Plaintiff's erroneous contentions in her

1  Memorandum of Points and Authorities, wherein Plaintiff first argues that the ALJ did not find her
2  early Alzheimer's Disease to be a severe impairment, and later in the same document argues that
3  the ALJ did find her early Alzheimer's Disease to be a severe impairment. (Report at 7, citing
4  Pl.'s Mem. of P.&A. in Supp. of Mot. for Summ. J. at 4, 6-7.) Thus, the Court finds that the ALJ
5  did conclude that Plaintiff suffered from a severe mental impairment.

6  As to Plaintiff's second objection, the Court finds that the Magistrate Judge correctly
7  interpreted the holding in *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). In *Hoopai,* the
8  Ninth Circuit addressed the issue of whether an ALJ was required to incorporate its earlier findings
9  of a "non-exertional limitation" when determining a claimant's RFC. *Id.* at 1074. Claimant
10 Hoopai argued that because the ALJ determined his mental impairment and back pain were
11 deemed "severe" at an earlier step in the disability-determination process, his impairment by
12 definition constituted a significant non-exertional limitation that must be included in the ALJ's
13 determination of his RFC. *Id.* at 1075. The Ninth Circuit disagreed with Hoopai and held, "[The]
14 threshold requirement that a claimant prove her limitations are severe is not dispositive of the ...
15 determination of whether the non-exertional limitations are sufficiently severe such as to invalidate
16 the ALJ's exclusive use of the grids [a method which does not necessarily require incorporation of
17 non-exertional limitations]." *Id*. at 1076, *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d
18 1219, 1228-29 (9th Cir.2009) (rejecting claimant's argument that the ALJ failed to account for her
19 mental disorder, which the ALJ had found to be severe at step two, in the final construction of her
20 RFC, and noting the lack of "authority to support the proposition that a severe mental impairment
21 must correspond to limitations on a claimant's ability to perform basic work activities").

22 In the instant case, the ALJ found at an earlier step in the disability-determination process
23 that Plaintiff's mental impairment was severe and that the impairment caused mild mental
24 limitations. (A.R. at 624.) To the extent that the ALJ did not include his findings of mild mental
25 limitations, the Court finds that as *Hoopai* demonstrates, the ALJ was not required to do so.
26 Additionally, the Court finds the Magistrate Judge did not misinterpret the *Hoopai* decision. A
27 reading of the Report's *Hoopai* analysis shows that the Magistrate Judge correctly understood the
28 applicability of the *Hoopai* decision to this case, despite the fact that the Magistrate Judge

1  substituted the word "impairment" for "limitation." (Report at 8.)  Finally, notwithstanding the
2  fact that *Hoopai* analyzes a step-five issue, the holding is applicable to the instant case because
3  RFC determinations are relevant in both step-four and step-five determinations.  20 C.F.R. §
4  416.920(e).

5        Accordingly, the Court finds the ALJ did not err in his decision to omit Plaintiff's mental
6  limitations in his residual functional capacity findings, and **OVERRULES** Plaintiff's objections.

7        **II.  The ALJ's Evaluation of Plaintiff's Ability to Perform Past Relevant Work**

8        Plaintiff asserts in her motion for summary judgment that the ALJ failed to provide a
9  sufficient factual and legal basis to determine that Plaintiff could return to her past work.  (Pl.'s
10  Mot. for Summ. J. at 9.)  The ALJ's findings referenced his consideration of the evidence in the
11  record, including the opinions of consulting and treating physicians, Plaintiff's own reported work
12  history, and descriptions of past work as defined by the Dictionary of Occupational Titles.  The
13  ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 CFR 404.1567(b)
14  and 416.967(b) ... [S]he may use a cane but it is not required.  She can only occasionally bend,
15  stoop, crouch, crawl, kneel and climb.  She can only perform frequent reaching, handling, feeling,
16  grasping, and fingering."  (A.R. at 625.)  Finally, the ALJ found that Plaintiff's RFC is consistent
17  with the functions Plaintiff performed in her past relevant work as an answering service operator,
18  customer service representative and cashier/retail.  (A.R. at 625, 627.)  The Magistrate Judge
19  reviewed the basis upon which the ALJ relied, as well as Plaintiff's own description of her past
20  relevant work, and concluded that the ALJ's findings properly comport with the record and RFC
21  determination.  (Report at 9-13.)

22        In her objections, Plaintiff contends the Report incorrectly cited Dr. Markman's opinion to
23  support the ALJ's conclusion that Plaintiff could perform her past relevant work.  Plaintiff further
24  contends that the Report did not adequately review the ALJ's failure to provide support for
25  concluding that she could perform past relevant work, despite an apparent contradiction with the
26  Dictionary of Occupational Titles description for the job of answering service operator. *(*Pl.'s
27  Objections at 3.)

28        The Court finds that the Magistrate Judge correctly evaluated the ALJ's assessment of Dr.

Markman's opinion. Plaintiff's initial contention that Dr. Markman's assessment limited Plaintiff to no repetitive hand motions with either hand and no above the shoulder reaching with the right arm was correct. However, Plaintiff failed to mention that Dr. Markman's conclusion that her activities be restricted was only imposed for a period of about six weeks in 2002. (A.R. at 119.) This period does not meet the statutory requirement of an impairment which "has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Thus, the ALJ correctly evaluated and accorded proper weight to Dr. Markman's opinion in reaching the conclusion that Plaintiff could engage in "frequent reaching, handling, feeling, grasping, and fingering." (A.R. at 625.)

The record indicates that the ALJ relied on the Dictionary of Occupational Titles in reaching his conclusion that Plaintiff could perform the job of an answering service operator. (A.R. at 627.) The Magistrate Judge conducted a review of Plaintiff's own testimony regarding her work as actually performed, and found support for the ALJ's conclusion that she could continue to perform the job. Plaintiff objects to this portion of the Report, arguing that because the Dictionary of Occupational Titles' description diverges from the ALJ's findings with respect to Plaintiff's capabilities, and the ALJ failed to account for the divergence explicitly in his opinion, the ALJ committed error.[1]

Plaintiff contends, and the Report also states, that the Dictionary of Occupational Titles describes an answering service operator in the national economy as being able to reach, handle and finger "constantly." (Pl.'s Objections at 3-4; Report at 11, fn.1.) The ALJ found that Plaintiff could perform functions with her arms and hands "frequently." (A.R. at 625.) Thus, the Dictionary of Occupational Titles' description appears to diverge from the ALJ's findings, and appears to exceed the ALJ's RFC limitations with respect to the job of answering service operator.

---

[1] An ALJ may consider whether the claimant could conduct her work either as generally performed or as actually performed. Where an ALJ seeks to properly rely on the Dictionary of Occupational Titles in finding that a claimant is able to perform her past work as *generally* performed despite an apparent contradiction with the DOT's description and the claimant's noted limitations, "the ALJ must definitively explain this deviation." *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). Where an ALJ seeks to assess a claimant's ability to conduct her work as *actually* performed, he may rely on a properly completed vocational report and the claimant's own testimony. *Id.* at 845 (citing SSR 82-61; 82-41).

The Court finds that the description of answering service operator does not explicitly use the word "constantly."[2] However, in an exercise of caution, the Court will address Plaintiff's argument. To the extent the description does require constant activity and the divergence constitutes error on the part of the ALJ, the error is harmless and does not require remand of this action as Plaintiff suggests. *Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (finding an error harmless where it did not negate the validity of the ALJ's ultimate conclusion).

To qualify for disability benefits, Plaintiff's impairment must be of such severity that she is "not only unable to do [her] previous work but cannot ... engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A plaintiff is not disabled when she can perform:

> 1. The actual functional demands and job duties of a particular past relevant job; or
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

*Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); S.S.R. 82-61, 1982 SSR LEXIS 31. Past relevant work is work that was done in the last fifteen years, lasted long enough for the claimant to learn it, and was substantial gainful activity. 20 C.F.R. § 404.150(a)(1). Importantly, Plaintiff does not challenge the broader conclusion reached by the Report that substantial evidence supports the ALJ's finding that Plaintiff could perform her *other* two past jobs of customer service representative and cashier. (Report at 12-13.) The Ninth Circuit standard permits a finding that an ALJ's error is harmless where it was "inconsequential to the ultimate nondisability determination" and if the reviewing court "can confidently conclude that no reasonable ALJ, when [not making the error] could have reached a different disability determination." *Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006).

---

[2] The Dictionary of Occupational Titles reads as follows: "TELEPHONE-ANSWERING-SERVICE OPERATOR (business ser.) alternate titles: interceptor operator; telephone-interceptor operator Operates cord or cordless switchboard to provide answering service for clients. Greets caller and announces name or phone number of client. Records and delivers messages, furnishes information, accepts orders, and relays calls. Places telephone calls at request of client and to locate client in emergencies. Date stamps and files messages." (Dictionary of Occupational Titles 235.662-026.)

The Court finds that the ALJ's evaluation of Plaintiff's ability to perform past relevant work was proper with respect to her past jobs of customer service representative and cashier. Because the ALJ found that Plaintiff could perform relevant past work, any error regarding the ALJ's review of Plaintiff's ability to perform the specific job of answering service operator is "inconsequential" to the ALJ's ultimate determination that Plaintiff is not entitled to the past benefits she seeks. Accordingly, the Court finds the ALJ's evaluation that Plaintiff can perform past relevant work was proper and **OVERRULES** Plaintiff's objection.

### III.  The ALJ's Evaluation of Plaintiff's Treating Physician Opinions

In her motion for summary judgment, Plaintiff contends that the ALJ failed to properly consider Dr. Markman's findings as to Plaintiff's limitations for no repetitive hand activity, and failed to accord proper weight Dr. Patel and Dr. Reddy's opinions. (Pl.'s Mot. Summ. J. at 14-17.) The ALJ accorded "significant weight" to Dr. Markman's opinion in determining Plaintiff's RFC. The ALJ also considered the substance of Dr. Patel's opinion, and discounted Dr. Reddy's opinion. (A.R. at 627.) The Magistrate Judge found that while the ALJ conducted a proper evaluation with respect to Dr. Markman's opinion, the ALJ did not give specific reasons for disregarding Dr. Patel's opinion. However, the Magistrate Judge concluded that Dr. Patel's opinions were properly discounted because they were in the form of check lists and unsupported by objective medical evidence. (Report at 16-17.)

In her objections, Plaintiff asserts that the Magistrate Judge's independent review and subsequent discounting of Dr. Patel's medical records was improper, and that the ALJ's conclusions are invalid because he failed to consider Dr. Patel's opinion. (Pl.'s Objections at 5.) Defendant asserts that the ALJ did consider the contents and substance of Dr. Patel's opinion.

Although the Report concluded that the ALJ did not provide specific legitimate reasons for disregarding Dr. Patel's opinion, the ALJ did in fact properly evaluate and discount the contents of Dr. Patel's opinion. The Commissioner asserts in his brief, and this Court agrees, that the ALJ cited to and discussed the contents of Dr. Patel's April 22, 2004 medical evaluation questionnaire. The confusion as to whether the ALJ evaluated Dr. Patel's opinion stems from the ALJ's labeling

1  the author of the questionnaire as Dr. Reddy. (A.R. at 627, citing Exhibit 6F/A.R. 231-24.)[3]

2  The Court has reviewed the record and found that it contains identical medical evaluation
3  questionnaire forms. (*Compare* A.R. 234, *with* A.R. 555.) Both copies of the forms contain
4  identical markings–circles, notations, and checkmarks. The evaluation content of the forms is
5  identical, with the exception of the labeling of the doctors' names and addresses. The Court is
6  permitted to draw inferences from the ALJ's opinion, and it chooses to do so here. *See*
7  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("[W]e are not deprived of our faculties
8  for drawing specific and legitimate inferences from the ALJ's opinion. It is proper for us to read ...
9  Dr. Pont's findings and opinion, and draw inferences relevant to Dr. Fox's findings and opinion, if
10 those inferences are there to be drawn."). Therefore, the Court finds that the ALJ's justifications
11 for discounting the contents of the April 2004 questionnaire (A.R. at 234) can properly be imputed
12 to the identical contents of the April 2004 questionnaire (A.R. at 555). Finally, the Report
13 correctly determined that the ALJ discounted the contents of the April 2004 questionnaire because
14 the opinion evidence was expressed on a check-box style form, was not supported by objective
15 evidence, and was contradicted by other treating and consulting physicians' statements. (Report at
16 16.) Thus, even though the Report found that the ALJ did not review Dr. Patel's opinion, the
17 Report did correctly conclude that the content of Dr. Patel's opinion was properly considered and
18 discounted.

19 Accordingly, the Court finds that the ALJ's evaluation of the treating physicians was
20 proper, and **OVERRULES** Plaintiff's objections.

21 / / /
22 / / /
23 / / /
24 / / /
25 / / /

26

---

27  [3]The Commissioner also asserts in his reply that the ALJ considered a January 19, 2005 check-box questionnaire. (Def.'s Reply at 5, citing Exhibit B4F/A.R. 421-28.) The Court has examined the
28  record at 421-28 and determined that the author's signatures on the documents are not clear enough to attribute the documents to Dr. Patel. This point is moot, however, as the record indicates that the ALJ did consider Dr. Patel's opinions in the April 2004 questionnaire.

## CONCLUSION

After reviewing the Report, the Court finds that the Magistrate Judge's conclusions are thorough, well-reasoned, and supported by the record. In light of the foregoing, the Court hereby **ADOPTS** the Report's conclusions.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Magistrate Judge's conclusions contained in the Report and Recommendation [Doc. No. 21] are **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment [Doc. No. 18] is **DENIED**; and
3. Defendant's Cross-Motion for Summary Judgment [Doc. No. 20] is **GRANTED**.
4. The Clerk of Court shall enter judgment in favor of Defendant and terminate the case file.

**IT IS SO ORDERED.**

DATED: September 30, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge